UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY NGUYEN, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-03022 |
| | § | |
| AGW TOURS ARUBA, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Zhejiang CFMOTO Power Co. Ltd.'s Motion to Dismiss (Dkt. 30). After careful consideration of the briefing, the record, and the applicable law, the Court **GRANTS** the Motion (Dkt. 30) and **DISMISSES** Plaintiffs' claims against Defendant Zhejiang CFMOTO Power Co. Ltd.

## I.    FACTUAL BACKGROUND

This matter arises out of personal injuries suffered by Texas residents in Aruba. (Dkt. 30 at p. 1). While on vacation, Plaintiffs rented a Utility Task Vehicle ("UTV") to tour the island. *Id*. "The UTVs used … for their UTV tours were models from the CFMOTO ZForce Lineup." (Dkt. 19 at p. 3). Plaintiffs have brought this action against Defendant CFMOTO Powersports, Inc. ("CFMOTO") for injuries arising from their use of the UTVs under theories of strict liability, design defect, manufacturing defect, marketing failure, and negligence. (*Id*. at pp. 5 – 7).

1 / 9

Plaintiffs allege that CFMOTO "is a company founded in China that does business globally." (*Id*. at p. 2). Plaintiffs further allege that "Defendants profit from and market to residents of numerous countries, including the United States." *Id*. "At all pertinent times," according to Plaintiffs, "Defendant CFMOTO was engaged in the business of designing, manufacturing, marketing, selling, and/or otherwise placing equipment, including UTVs, into the stream of commerce." (*Id*. at p. 6). They assert that personal jurisdiction exists as to CFMOTO because "Defendants either reside in and/or have an office in Texas and/or the United States, market goods and/or services to individuals such as Plaintiffs in Texas and/or the United States, and/or sell, procure, manufacture, design, and/or distribute products and/or services in/to numerous countries, including the United States, and/or its residents." (*Id*. at p. 3).

CFMOTO moves to dismiss Plaintiffs' claims against it, arguing that Plaintiffs are unable to assert general or specific personal jurisdiction as to CFMOTO. (Dkt. 30). Plaintiffs disagree, arguing that they have alleged sufficient facts to support specific jurisdiction. (Dkt. 33 at pp. 2 – 4). In the alternative, Plaintiffs request an opportunity to conduct jurisdictional discovery. (*Id*. at pp. 4 – 6).

## II.    APPLICABLE LAW

### A.    Rule 12(b)(2)

Dismissal for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2). FED. R. CIV. P. 12(b)(2). When personal jurisdiction is challenged, the plaintiff "bears the burden of establishing the district court's jurisdiction over the defendant." *Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002). "When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.'" *Id*. (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)).

"In making its determination, the district court may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Id*. at 344 (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). The court must accept as true the uncontroverted allegations in the plaintiff's complaint and must resolve in favor of the plaintiff any factual conflicts. *Guidry v. United States Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). However, the court is not obligated to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Electric Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

**B.      Personal Jurisdiction**

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). "The Texas long-arm statute authorizes the exercise of jurisdiction over nonresidents 'doing business' in Texas." *Grundle Lining Const. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). "The Texas Supreme Court has interpreted the 'doing business' requirement broadly, allowing the long-arm statute to reach as far as the federal Constitution permits." *Id*. Thus, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due process inquiry. *Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993).

### III.      ANALYSIS

The Court finds that it does not have personal jurisdiction over CFMOTO. The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant "purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state," and (2) the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214–15 (5th Cir. 2000). "Minimum

4 / 9

contacts" can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction. *Id*. at 215.

Specific jurisdiction over a nonresident is appropriate when the defendant has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985)). General jurisdiction will attach where the nonresident defendant's contacts with the forum state, although not related to the plaintiff's cause of action, are "continuous and systematic." *Id*. (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 (1984)). The Court finds that Plaintiffs have failed to demonstrate a *prima facie* case of either general or specific personal jurisdiction.

## A.     Specific Jurisdiction

Plaintiffs argue that their allegation that "CFMOTO marketed its products for the U.S. market and utilized distribution channels that reach Texas" establishes this Court's specific personal jurisdiction over CFMOTO. (Dkt. 33 at p. 2). In Plaintiffs' words, "CFMOTO's deliberate placement of its UTVs into the stream of commerce with the clear intent that they be sold to and used by [] consumers in Texas *alone* suffices to trigger specific jurisdiction." (*Id*. at p. 3). The Court disagrees.

First, the Court questions the veracity of this statement. *See* (Dkt. 30-1 at pp. 2 – 3) ("CFMOTO has never designed, manufactured, marketed, or sold any services or products,

including any of its various [UTVs] in Texas."). Regardless, even if the Court were to take Plaintiffs' statement as true, the allegation does not fulfill Plaintiffs' burden to establish a *prima facie* case that personal jurisdiction is proper. Plaintiffs need to demonstrate *both* that CFMOTO has purposefully directed its activities at Texas *and* that the alleged injuries in this particular matter "arise out of or relate to" those activities. *Alpine View*, 205 F.3d at 215. The Court finds Plaintiffs fail to do the latter.[1]

The injuries at issue were alleged to have been suffered by Plaintiffs in Aruba—while using UTVs rented on the island. (Dkt. 19 at pp. 3 – 5). There is no allegation that the UTVs rented by Plaintiffs in Aruba were distributed or purchased in Texas. *See* (Dkt. 19). While the Court acknowledges that a cause of action may satisfy the "relate to" requirement for specific jurisdiction when the defendant "serves a market for a product in the forum state and the product malfunctions there," the instant case does not fit that mold. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 363 (2021). Here, the product did not allegedly malfunction *in Texas*—it did so in Aruba. (Dkt. 19 at pp. 4 – 5).

---

[1] The Court acknowledges that "[i]n cases involving a product sold or manufactured by a foreign defendant, [the Fifth] Circuit has consistently followed a 'stream-of-commerce' approach to personal jurisdiction, under which the minimum contacts requirement is met so long as the court 'finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state.'" *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013) (quoting *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987). Still, the Court need not make such determination at this time. The Court assumes without finding that the minimum contacts requirement is met and focuses its analysis on whether Plaintiffs' injuries arise out of or relate to those assumed contacts.

The Plaintiffs have not alleged any relation between the injuries and Texas other than the conclusory allegation that CFMOTO marketed "goods and/or services to individuals such as Plaintiffs in Texas." (*Id*. at p. 3). The Court finds that this is insufficient to demonstrate that the alleged injuries arise out of or relate to CFMOTO's purposeful contacts with Texas. Accordingly, Plaintiffs have failed to establish a *prima facie* case of specific personal jurisdiction.

**B.    General Jurisdiction**

Unable to establish specific personal jurisdiction, Plaintiffs must establish general personal jurisdiction to overcome CFMOTO's pending motion. Plaintiffs argue that "[t]o the extent that CFMOTO's domestic affiliate acts as its agent or alter ego, that would enable general jurisdiction through attribution of contacts." (Dkt. 33 at p. 4). Plaintiffs do not argue in their response to the present motion that CFMOTO itself has the continuous and systematic contacts with Texas required to establish general jurisdiction. *See id*.

"Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983). However, "federal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation

7 / 9

that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Patin v. Thoroughbred Power Boats*, 294 F.3d 640, 653 (5th Cir. 2002).

The Fifth Circuit, applying Texas law, developed a list of factors to use in determining whether a subsidiary is the alter ego of a parent. *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt*, 85 F.3d 201, 209 n.4 (5th Cir. 1996). These factors include: (1) common stock ownership; (2) common directors or officers; (3) common business departments; (4) filing of consolidated financial statements and tax returns; (5) the parent financing the subsidiary; (6) the parent causing the incorporation of the subsidiary; (7) the subsidiary operating with grossly inadequate capital; (8) the parent paying the salaries and other expenses of the subsidiary; (9) the subsidiary receiving no business except that given by the parent; (10) the parent using the subsidiary's property as its own; (11) the daily operations are not kept separate; and (12) failure to observe corporate formalities with respect to books, records, and meetings. *Id*.

The alter ego test for attribution of contacts for purposes of personal jurisdiction is less stringent than that for liability. *Stuart v. Spademan*, 772 F.2d 1185, 1198 n. 12 (5th Cir. 1985). In a jurisdictional motion, only a *prima facie* showing is required. *Hargrave*, 710 F.2d at 1161. Still, CFMOTO has not alleged any facts to support the above alter ego

factors. Its arguments are entirely conclusory. The Court finds that this is insufficient to satisfy CFMOTO's burden to demonstrate a *prima facie* case of general jurisdiction based on alter ego status. *See, e.g., Diagnostic Affiliates of Ne. Hou, LLC v. United Health Grp., Inc.*, No. 2:21-CV-00131, 2022 U.S. Dist. LEXIS 14130, at *11 (S.D. Tex. Jan. 18, 2022). Accordingly, the Court finds that it is unable to exercise general jurisdiction over CFMOTO.

## IV.   CONCLUSION

The Court finds that Plaintiffs have failed to demonstrate a *prima facie* case of this Court's personal jurisdiction over CFMOTO. Accordingly, the Court **GRANTS** the Motion (Dkt. 30) and **DISMISSES WITHOUT PREJUDICE** all of Plaintiffs' claims against CFMOTO.

Signed at Houston, Texas on December 15, 2025.

_____
GEORGE C. HANKS, JR
UNITED STATES DISTRICT JUDGE

9 / 9